**SMITH, Plaintiff, v. SMITH, etc. et, Defendants.**

Common Pleas Court, Clermont County.

No. 24562.

490

Ralph Becker, Robert Harris, Cincinnati, for plaintiff.
Sol Goodman, Cincinnati, for defendant.

## OPINION

By KIRK, J.

Plaintiff's petition avers that she has a legal estate in fee simple of the undivided one-half interest in six parcels of real property described separately by metes and bounds; that two of said parcels were acquired by plaintiff by purchase prior to July 16, 1952, on which date "a property settlement agreement was entered into between the plaintiff and the defendant, Hall C. Smith, a copy of which is hereto attached and made a part hereof, whereby it was agreed that the property" theretofore acquired by plaintiff "shall be considered as joint property of the plaintiff and the defendant, Hall C. Smith, acquired during the marriage of said parties; that this plaintiff and said defendant, Hall C. Smith, each has a legal right to and

is seized in fee simple of an undivided one-half (½) part of said premises"; that four of the parcels were acquired by the defendant, Hall C. Smith prior to the execution of said contract and that the plaintiff claims an undivided one-half interest therein by virtue of said contract and that plaintiff is entitled to partition of each of said six parcels. The petition makes several lienholders parties defendant, contains allegations as to waste and breaches of the agreement referred to and other agreements between the principal parties, concludes with an allegation that the principal parties cannot agree as to the operation and management of the properties and cannot agree as to the disposition of assets owned jointly by said parties; that the appointment of a receiver of said properties would be to the beneficial interest of the parties and their creditors and prays for partition of the premises, for an accounting, for the appointment of a receiver and for any other appropriate relief.

A photostatic copy of the agreement referred to is attached to the petition. This agreement, bearing date of July 16, 1952, between Marianne G. Smith and Hall C. Smith, recites the marriage of the parties on August 24, 1937, that no children were born of said marriage and continues as follows:

"Whereas, certain marital difficulties have arisen between the parties, and said parties are now living separate and apart, and

"Whereas, Hall C. Smith has filed an action for divorce in the Court of Common Pleas, Clermont County, Ohio, against the said Marianne G. Smith and the said Marianne G. Smith has filed an answer and cross petition for alimony in said cause, and

"Whereas, the said Marianne G. Smith intends to file a cross petition for divorce in said cause, and

"Whereas the parties hereto are desirqus of settling and adjusting all rights which either may have in the property of the other of any kind whatsoever."

Then follows a representation of each party as to the real and personal property then owned by each, including the real property mentioned in the petition, automobiles, farming equipment, livestock and other chattels and certain credits.

The agreement then continues in the following language:

"It is hereby agreed that for the purposes of this settlement the above described property, both real and personal, shall be considered as joint property acquired during the marriage of the parties hereto.

"It is further agreed that values shall be placed upon said property, both real and personal, either by mutual agreement

by the parties hereto or by disinterested appraisers; that the property known as 3237 Gilbert Avenue, Cincinnati, Ohio and 2786 Observatory Road, Cincinnati, Ohio" (described by metes and bounds in the petition) "shall be placed in the hands of a qualified realtor selected by the parties hereto, who shall sell same at the best price obtainable, and the proceeds shall be applied as follows: the payment of realtor's commission, existing mortgages and payment of income tax liens or the placing in escrow of an amount sufficient to secure same. Any balance remaining shall be applied to the payment of the debts hereinafter set forth. Should any balance remain after the payment of said debts then said balance shall be equally divided between the parties hereto. The proceeds from each of said sales to be disbursed by counsel for both parties hereto.

"The parties hereto, by mutual agreement, shall place values upon the farm real estate described above" (described by metes and bounds as parcels in the petition) "together with all live stock, farm equipment, crops and other chattel property located thereon, or if the parties are unable to agree on values then said property shall be appraised by disinterested appraisers. The three tracts of farm real estate, together with said crops, equipment and livestock located thereon, shall be considered as a unit for farming purposes and each party hereto shall have the right to bid upon said property as a unit and it shall be sold to the highest bidder. If neither party elects to purchase said property at its appraised value, then it shall be sold at private sale, if the parties agree upon said private sale, or in the event of disagreement it shall be sold at public auction. The proceeds of said sale, whether sold at private or public sale, or whether purchased by one of the parties hereto, shall be divided equally between said parties."

The contract also contains a provision for the payment of debts listed therein before division of the proceeds between the parties. Apparently some of these debts are not secured by lien on the premises of which partition is sought.

The contract concludes with provisions that either party may sell or dispose of his property by gift, deed or will and barring the other from rights by way of dower, inheritance, descent, distribution, allowance, administration, etc., and an agreement to execute and acknowledge instruments of conveyance to enable the other party to convey and to execute any and all instruments to carry out the agreement.

However, the contract contains no agreement by the parties to separate or to live separate and apart in the future.

The divorce action referred to in the petition is still pending in this court.

The defendant Smith has filed a demurrer to the petition on the ground that it does not state a cause of action. His contention is that the agreement is no more than a property settlement in connection with the pending divorce and alimony action between the parties and as such is not effective until approved by the court in an award of alimony.

The plaintiff contends that the contract is a separation agreement giving rise to existing rights including an interest in the property of which she seeks partition.

In view of the fact that the contract contains no provision or agreement on the part of the parties to live separate and apart, yet radically alters the legal relation of the parties, it comes within the direct prohibition of §8002-6 GC (formerly §8000 GC), which is as follows:

"A husband and wife cannot by any contract with each other alter their legal relations, except that they may agree to an immediate separation, and make provisions for the support of either of them and their children during the separation."

The recitations of the agreement referring to the filing of the petition for divorce, the cross-petition for alimony, the intention of the wife to file a cross-petition for divorce and the purpose of the parties to settle and adjust their respective rights in the property of the other and the provision that the property both real and personal theretofore listed as the separate property of the parties shall be considered as joint property acquired during the marriage, all lead to the conclusion that this was a mere settlement by agreement of the matter of alimony and as such subject to the approval of the court in the event of an award of alimony.

The provision "that for the purposes of this settlement, the above described property, both real and personal, shall be considered as joint property acquired during the marriage of the parties hereto" would have little if any meaning in a contract of separation in which the parties had previously listed their separate property but would be pertinent in the matter of alimony under §8003-17 GC, providing that "The court may allow such alimony as it deems reasonable to either party, **having due regard to property which came to either by their marriage**, the earning capacity of either and **the value of real and personal estate of either** at the time of the decree. **Such alimony may be allowed in real or personal property or both * * *."** (Emphasis added.)

Moreover, to permit the plaintiff wife to maintain even an

494

action in equitable partition on the basis of this contract would be to defeat the terms of the agreement itself since the agreement provides for a specific method of disposing of the real property and its proceeds among creditors of the parties and the parties themselves.

The demurrer is sustained.