Brewsaugh *v.* Brewsaugh et al.

(No. 15,463 — Decided April 24, 1985.)

Court of Common Pleas of
Highland County, Probate Division.

*John C. Bryan,* for plaintiff.
*Forrest F. Beery,* for defendants.

DAVIS, J.   This cause is before the court for a declaratory judgment. Helen Brewsaugh, the plaintiff, is the surviving spouse of Harold R. Brewsaugh, the deceased, who died testate on July 13, 1984, a resident of Highland County, Ohio. Defendants are the children of the deceased by a prior marriage and are the sole beneficiaries of the last will and testament of the deceased. The plaintiff, the surviving spouse, elected to take against the will pursuant to R.C. 2107.39 *et seq.*

Helen and Harold Brewsaugh were married on May 7, 1982. During their marriage, they entered into a postnuptial agreement in the state of New Mexico on December 9, 1983. The postnuptial agreement redefined their rights in property acquired both before and after marriage and their marital property rights. In essence, it barred both to all property of the other and dictated that each should have no rights or interest in the separate property of the other or in the other's estate, and decedent's property should pass as if the marriage between husband and wife had never occurred. The postnuptial agreement did not recite that the parties intended to live separate and apart nor did it refer to any oral antenuptial contract between the parties.

Such postnuptial contracts are valid in New Mexico, but are invalid in Ohio.

R.C. 3103.06 states:

"A husband and wife cannot, by any contract with each other, alter their legal relations, except that they may agree to an immediate separation and make provisions for the support of either of them and their children during the separation."

Thus, in Ohio, a postnuptial agreement which alters dower or distributive share rights is an alteration of interspousal legal relations and is prohibited by the statute. Two exceptions are to be noted. The statute itself permits such an agreement pursuant to a separation. However, a property settlement contract which contains no agreement by the parties to separate or live separate and apart in the future, comes within the express prohibition of the statute. *Smith* v. *Smith* (C.P. 1953), 67 Ohio Law Abs. 489 [50 O.O. 175]. The second exception is really no exception to the statute. Antenuptial agreements are recognized in every common-law jurisdiction including Ohio. If the parties have an oral antenuptial agreement which is reduced to writing after marriage, it will not violate the statutory prohibition if the oral antenuptial agreement is referred to in the written contract and the writing states that it is a memorandum of the oral antenuptial agreement. *In re Estate of Weber* (1960), 170 Ohio St. 567 [11 O.O.2d 415]. It therefore becomes simply a valid antenuptial contract which is reduced to writing after marriage. Since the postnuptial agreement entered into between the plaintiff, surviving spouse and the deceased contained neither of the excepted provisions, it was neither a separation agreement nor a written

memorandum of an antenuptial agreement, but was a postnuptial agreement to alter their legal relations as husband and wife which is prohibited by R.C. 3103.06.

Having established that such postnuptial contract is valid in the state of New Mexico and invalid in the state of Ohio, the primary issue, *sub judice*, becomes, which state law controls?

It is a general principle of law that personal legal relations or status of persons is fixed by the law of the domicil. 16 Ohio Jurisprudence 3d (1979) 49, Conflict of Laws, Section 7. A postnuptial contract made in a place other than the matrimonial domicil of the spouses has been held to be governed by the law of the domicil, not the law of the place where the contract was made. 41 American Jurisprudence 2d (1968) 258, Husband and Wife, Section 316; Annotation (1951), 18 A.L.R. 2d 776, 760, Section 6.

Although the validity of contracts in general is determined to be the place where the contract is made, "The rule of the domicile predominates as between the spouses," *King* v. *Bruce* (1947), 145 Tex. 647, 657, 201 S.W. 2d 803, 809. The rule will not be applied when enforcement of the contract contravenes the established rule of public policy of the state of domicil. *King* v. *Bruce, supra.* Ohio, by statute, has attempted to preserve not only the unity of the marital relationship but also the provisions for rights in the property of the deceased which the legislature has enacted for the benefit of a surviving spouse. *DuBois* v. *Coen* (1919), 100 Ohio St. 17.

The decedent was a long-time resident of Ohio. He vacationed regularly in New Mexico each year since 1971 for a month to six weeks. He sold his real estate and liquor business in Ohio in the spring of 1982 and married plaintiff on May 7, 1982. They lived in her trailer home in Highland County, Ohio and spent the winters in New Mexico and the rest of the year in Ohio. In New Mexico they lived in a large travel trailer. After executing the postnuptial agreement on December 9, 1983, the decedent took the plaintiff to Florida and she spent Christmas with her son. The decedent went back to New Mexico. Plaintiff returned to Highland County and the decedent returned to her home in March where he remained until his death on July 13, 1984. The decedent maintained Ohio titles and Ohio license plates to his motor vehicle and camper. He maintained an Ohio driver's license and filed his income tax return as an Ohio resident. Some evidence indicates that the decedent contemplated becoming a resident of New Mexico by the end of April 1984. He returned to Ohio in March 1984 without having accomplished this. Within three weeks after his death, one of the defendants filed an application to probate the decedent's will and an application for authority to administer the estate, alleging that Harold R. Brewsaugh died a resident of Highland County, Ohio, to which the remaining defendants waived notice and acquiesced in the proceedings.

"Domicile" is defined as:

"That place where a man has his true, fixed, and permanent home and principal establishment, and to which whenever he is absent he has the intention of returning." Black's Law Dictionary (5 Ed. 1979) 435.

When married in 1982, decedent was a resident of Ohio. His spending the winter in New Mexico was not inconsistent with his previous pattern of vacations. Having sold his real estate and business, he could spend longer time there in the winter months. Defendants suggest that the decedent abandoned his Ohio domicil by living in a travel trailer in New Mexico.

"Persons making a home in a boat, car, van, trailer, or other movable vehicle can acquire a domicil only in the place

where the vehicle regularly remains for a considerable time each year and for a longer time than it remains in any other place. If the location of the vehicle is not so fixed, the domicil of the occupant remains his last previous domicil." 36 Ohio Jurisprudence 3d (1982) 366, Domicil, Section 17.

The elements essential to the acquisition of a new domicil, namely, residence and intention to remain with no intention to make a domicil elsewhere, are lacking in the case at bar. Accordingly, this court finds that the domicil of decedent has remained in Ohio from the time preceding his marriage to plaintiff, that Ohio was the domicil of both decedent and plaintiff when the postnuptial agreement was executed in New Mexico, and that decedent's domicil continued to be in Ohio until the date of his death.

Although postnuptial agreements are permitted in New Mexico, the postnuptial agreement executed herein by a husband and wife, both of whom were domiciled in Ohio, is an invalid and unenforceable contract in Ohio violative of R.C. 3103.06. Defendants cite *In re Estate of Price* (P.C. 1934), 22 Ohio Law Abs. 639, for the proposition that reconciliation does not void a valid separation agreement and property settlement. With this proposition the court concurs, except that in the case *sub judice,* the postnuptial agreement was invalid from its inception because of the Ohio domicil of the parties thereto.

It is the judgment of this court that the postnuptial agreement entered into between the plaintiff and the decedent is invalid and the plaintiff is entitled to exercise her right as surviving spouse under R.C. 2107.39 *et seq.* to elect to take against the will of the decedent, and having made such election, she is entitled to take not to exceed one-third of the net estate.

*Judgment accordingly.*