DECISION AND JUDGMENT ENTRY
The appellant, Brenda L. King, appeals from the property division component of a divorce decree entered by the Adams County Court of Common Pleas. She assigns two errors for our review:
 I. The court erred in dividing the marital property as consumated [sic] in this situation. The trial court's attitude toward division of property was unreasonable, arbitrary and unconscionable resulting in an abuse of discretion.
 II. It was error for the court to rely on the Statute of Frauds as a basis for invalidating the property ownership agreement between the parties.
We find that the trial court abused its discretion in dividing the parties' property because it failed to follow the statutory mandates of R.C. 3105.171. We therefore reverse the judgment and remand for further proceedings.
 I.
The appellant and William G. King were married during the summer of 1988. At the time of the marriage, Mr. King owned real property in Kentucky and the appellant owned real property in Clinton County, Ohio. Following the marriage, the couple lived in the appellant's Clinton County home until 1994, when they sold the property for approximately $73,000. The appellant and Mr. King used $12,000 of these proceeds to pay off the remainder of the appellant's mortgage and utilized the remaining funds to purchase a farm in Highland and Adams Counties. The couple also took out a mortgage on the farm, which had a purchase price of $124,000. Over the next couple of years, the couple made substantial improvements to the farm, including the addition of a new house and barn. The appellant and Mr. King placed title of the farm solely in the appellant's name.
In September 1996, Mr. King filed a complaint for divorce in the Adams County Court of Common Pleas. The appellant filed a counterclaim for divorce and sought a judgment that would grant her the farm free and clear from any claims by Mr. King. After several hearings over a two-year period, a magistrate recommended that the parties be granted a divorce and also proposed an equitable division of the parties' property. In addition to allocating the parties' personal property and debts, the magistrate recommended that the farm remain with the appellant and that the appellant pay $47,250 to Mr. King as an adjustment for "any accrued equity built up" in the farm. The common pleas court approved the magistrate's recommendation. The appellant filed objections to the magistrate's decision, based solely on the recommendation that she pay $47,250 to Mr. King; the appellant did not object to the magistrate's finding that the couple be granted a divorce. The trial court overruled the appellant's objections to the magistrate's decision and entered a judgment purporting to incorporate the magistrate's decision as its own. The appellant filed an appeal of that judgment to this court, which we dismissed for lack of a final appealable order because of the court's failure to comply with Civ.R. 54(A). Kingv. King (June 9, 1999), Adams App. No. 98CA668, unreported, discretionary appeal not allowed (1999), 87 Ohio St.3d 1417.
Following our dismissal of the appellant's first appeal, the trial court entered a final judgment in accordance with Civ.R. 54(A). The judgment entry, which the court styled as a nunc protunc entry, changed none of the magistrate's recommendations concerning the division of the parties' property. The appellant then commenced this appeal.
 II.
In her first assignment of error, the appellant argues that the trial court inappropriately ordered her to pay $47,250 to the appellee as part of the property division. Although she was allowed to keep the farm, the appellant contends that this requirement created an inequitable division of the marital estate.
In dividing property during a divorce or dissolution proceeding, the trial court must classify assets as either marital or separate property. R.C. 3105.171(B). Once the trial court has determined the status of the parties' property, it should normally award each spouse his or her separate property and then distribute the marital estate equally, unless an equal division would be inequitable. Barkley v. Barkley (1997),119 Ohio App.3d 155, 159; R.C. 3105.171(C) (D). The trial court possesses considerable discretion in establishing an equitable property division. Bisker v. Bisker (1994), 69 Ohio St.3d 608,609. Thus, we will not reverse a trial court's division, of property absent an abuse of discretion. Id.; Cherry v. Cherry
(1981), 66 Ohio St.2d 348, 355. A trial court does not abuse its discretion unless it acts unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Although the trial court possesses considerable discretion in dividing marital property, its discretion is not unbridled.Bisker, 69 Ohio St.3d at 609. R.C. 3105.171(C) requires that the division of property be equal unless such a division would be inequitable. If making an equitable allocation of property, the trial court must make written findings of fact "that support the determination that the marital property has been equitably divided R.C. 3105.171(G).[2] This section codifies an Ohio Supreme Court holding that requires a trial court to "indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Cole v. Cole (July 29, 1994), Meigs App. No. 93CA515, unreported, citing Kaechele v. Kaechele
(1988), 35 Ohio St.3d 93, paragraph two of the syllabus. Moreover, before the court may make an equitable property distribution, it must first determine the value of the marital assets. Allen v. Allen (1996), 109 Ohio App.3d 640, 642. The failure to make necessary findings or value the marital assets is an abuse of discretion. Id. Further, the trial court must consider the factors listed in R.C. 3105.171(F) when fashioning an equitable property division. Neel v. Neel (1996), 113 Ohio App.3d 24,32; Capper v. Capper (Dec. 14, 1995), Lawrence App. No. 95CA8, unreported.[3] A trial court abuses its discretion when it does not address the statutory factors that guide an equitable division of marital property. Bisker,69 Ohio St.3d at 609.
The trial court's judgment entry in this case distributed various items of property and designated that the parties would retain the personal property in his or her possession at the time of the decree. Neither party objected to the magistrate's handling of these issues, and, thus, we find no error in this regard. The trial court's entry, however, does not include the findings of fact required by R.C. 3105.171(G) to support the conclusion that its division was equitable under the totality of the circumstances. The lack of findings makes the court's rationale a virtual mystery for at least two reasons.
First, there is no clear indication that the trial court determined whether the farm was separate or marital property, or both. The parties could not agree on the separate or marital character of a number of assets, including the farm. The record indicates that the parties sold the home owned by the appellant prior to the marriage and applied those proceeds toward purchasing the farm. The parties financed the remainder of the farm's purchase price with a mortgage. While still married, the parties increased the farm's equity by making a number of improvements to the property and payments on the mortgage. At the time of the final hearing, approximately $60,000 remained due on the farm mortgage. The appellant argued during the divorce proceedings that the farm (or some percentage of it) could be traced as her separate property. The trial court did not make clear how it viewed the property, stating cryptically in the judgment entry:
 To adjust the division of the property and any accrued equity built up in the Adams-Highland County property by the parties[,] including their martial [sic] equity contributions, but not including the identifiable and proved separate contributions made to the equity by [the appellant], the [appellant] shall pay to the. [appellee] the sum of Forty Seven Thousand, Two Hundred Fifty Dollars ($47,250.00) within one (1) year of this decision.
Thus, the court awarded $47,250 to Mr. King as an adjustment without first characterizing the farm as either marital or separate property. It is therefore unclear how the court reached the $47,250 figure. Without knowing whether the court considered the farm to be separate or marital property, we have no way of assessing the propriety of a $47,250 "adjustment" in dividing the parties' assets. This lack of clarity prevents us from conducting an appropriate review of whether the property division was equitable. See Huener v. Huener (1996), 110 Ohio App.3d 322,325-26; cf. Cuenot v. Cuenot (Mar. 9, 1998), Stark App. Nos. 1997CA00214, 1997CA00128, unreported (reversing and remanding judgment based upon trial court's lack of explanation concerning distribution of parties' retirement benefits), and Wylie v. Wylie
(May 30, 1996), Lawrence App. No. 95CA18, unreported (trial court's failure to make specific findings regarding set-off of a survivorship interest was an abuse of discretion)
Second, the court did not determine the value of the farm. Before the court makes a distribution of property, it must determine the value of the parties' marital assets. Donovan v.Donovan (1996), 110 Ohio App.3d 615, 621, citing Eisler v.Eisler (1985), 24 Ohio App.3d 151, 152. Although the court has discretion in assessing a value to the parties' property, it has no discretion to omit valuation altogether. Willis v. Willis
(1984), 19 Ohio App.3d 45, 48. Assuming the court found it to be marital property, the farm was unquestionably the parties' most significant marital asset. Despite the parties presenting evidence concerning the value of the farm and the improvements made to it during the marriage, the court made no finding regarding the farm's value. Without a specific finding regarding the value of the farm, we have no reasoned basis for reviewing whether the trial court's distribution was fair, equitable, and in accordance with the law. See Gibson v. Gibson (1993), 87 Ohio App.3d 426,433-34.
The trial court's failure to adequately articulate the basis for the property division was an abuse of discretion. Accordingly, we sustain the first assignment of error and remand to the trial court with instructions to classify the farm as marital or separate property or having components of each, determine the value(s) of the property, to apply the factors set forth in R.C. 3105.171(F) and to issue written findings of fact to support its decision as required by R.C. 3105.171(G), if applicable. See Allen, supra, 109 Ohio App.3d at 642.
 III.
In her second assignment of error, the appellant challenges the trial court's refusal to consider the existence of an alleged oral agreement between the parties concerning the farm. The appellant alleges that she and the appellee agreed that the appellee's Kentucky home, which he owned before the marriage, would remain his separate property while the farm would belong solely to her. The trial court ruled that the statute of frauds barred evidence of this alleged agreement and refused to consider evidence of the agreement in dividing the parties' property. We review the applicability of this statute as a matter of law.
Ohio's statute of frauds, codified at R.C. 1335.05, states:
 No action shall be brought whereby to charge the defendant, upon a special promise, to charge a person upon an agreement made upon consideration of marriage, or upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.
* * *
The appellant does not clearly indicate whether the alleged agreement between her and Mr. King took place before or after the marriage. If the agreement was postnuptial, we have no need to analyze the court's application, of the statute of frauds. R.C.3103.06 prohibits postnuptial contracts, unaccompanied by a separation agreement, that alter the parties' legal rights.[4]
Thus, the alleged agreement concerning the parties' respective rights in the farm would be unenforceable, whether written or oral, if made after the marriage. DuBois v. Cohen (1919),100 Ohio St. 17, 24; see, also, Brewsaugh v. Brewsaugh (1984),23 Ohio Misc.2d 19, 20.
On the other hand, the agreement alleged by the appellant is potentially enforceable if the parties entered into it prior to the marriage. Antenuptial contracts are not contrary to public policy and may be valid and enforceable. See Gross v. Gross
(1984), 11 Ohio St.3d 99, paragraphs one and two of the syllabus. To be valid, however, an antenuptial agreement must be in writing because it is considered a contract made upon consideration of marriage. Henry v. Henry (1875), 27 Ohio St. 121, paragraph one of the syllabus; see, also, In re Estate of Weber (1960),170 Ohio St. 567, 570-71. Thus, to the extent the appellant alleges the existence of an antenuptial contract, the trial court correctly determined that the alleged agreement fell within the statute of frauds. Because there was no written memorandum of the alleged agreement, the appellant cannot enforce it unless she can identify some other way of taking the contract out of the statute's operation.
In a final attempt to preclude the statute of frauds from preventing enforcement of an alleged agreement concerning the farm, the appellant argues that she and Mr. King performed under the agreement. The "partial performance" doctrine takes a contract out of the statute of frauds when the parties perform acts "such that it is clearly evident that such acts would not have been done in the absence of a contract and that there is no other explanation for the performance of such acts except a contract containing the provisions contended for * * *." Hughesv. Oberholtzer (1954), 162 Ohio St. 330, 337-38; see, also,Delfino v. Paul Davies Chevrolet, Inc. (1965), 2 Ohio St.2d 282,287. The appellant notes that the appellee had the farm property deeded solely in the appellant's name and that the appellant released her dower interest in the appellee's Kentucky property. According to the appellant, these acts constituted partial performance of the alleged agreement, taking the agreement outside the statute of frauds. We disagree.
We do not view the title of the farm being in the appellant's name as indicative of any agreement concerning the character of the property as marital or separate. The form of title to particular property does not automatically dictate the ultimate disposition of that property upon divorce. See R.C. 3105.17(H) (holding of title individually does not determine whether property is separate property); Helton v. Helton (1996),114 Ohio App.3d 683, 686. Nor do we find the appellant's release of her dower interest in the appellee's Kentucky property as signifying performance under an alleged agreement. The appellant performed this act in conjunction with Mr. King's transfer of the property to his daughter several years after the marriage and thus cannot be fairly characterized as an action clearly indicative of an alleged antenuptial agreement. See Delfino, supra,2 Ohio St.2d at 287 (acts by party relying on agreement must be "exclusively referable" to the agreement); Shahan v. Swan (1891), 48 Ohio St. 25, paragraph four of the syllabus (acts of part performance must be "clearly referable to some contract" between the parties). In short, none of the acts identified by the appellant clearly indicate "partial performance" of an alleged agreement concerning the farm.
The trial court did not err in refusing to consider the existence of a verbal agreement concerning the farm, regardless of whether the agreement was antenuptial or postnuptial. The second assignment of error is overruled.
 IV.
To summarize, we sustain the appellant's first assignment of error and overrule the second assignment of error. We therefore reverse the trial court's judgment and remand for further proceedings consistent with this opinion.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND THE CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KLINE, P.J. ABELE, J., Concur in Judgment and Opinion.
 ____________________________________ WILLIAM H. HARSHA, Judge
[2] A trial court need not make the written findings of fact required by R.C. 3105.171(G) if it distributed the property according to the terms of a separation agreement entered into by the parties. See Goode v. Goode (1991), 70 Ohio App.3d 125, 132. Neither party contends that the court distributed and/or valued the marital property according to a separation agreement.
[3] The factors listed at R.C. 3105.171(F)(1)-(9) are: (1) the duration of the marriage; (2) the assets and liabilities of the spouses; (3) the desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage; (4) the liquidity of the property to be distributed; (5) the economic desirability of retaining intact an asset or an interest in an asset; (6) the tax consequences of the property division upon the respective awards to be made to each spouse; (7) the costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property; (8) any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses; and (9) any other factor that the court expressly finds to be relevant and equitable.
[4] R.C. 3103.06 states: "A husband and wife cannot, by any contract with each other, alter their legal relation, except that they may agree to an immediate separation and mike provisions for the support of either of them and their children during the separation."
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.