**ALLEN, Appellant,**

v.

**ALLEN, Appellee.**

[Cite as *Allen v. Allen* (1996), 109 Ohio App.3d 640.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA95–03–039.

Decided March 4, 1996.

*Mary Lou Kusel,* for appellant.

*Mary C. Lord* and *Fred Miller,* for appellee.

WILLIAM W. YOUNG, Presiding Judge.

Plaintiff-appellant, Carma Lynn Allen, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, contesting the court's property division and failure to award her spousal support.

Appellant and defendant-appellee, Bernard D. Allen, were married on June 19, 1991. No children were born during the parties' marriage. Appellant filed a complaint for divorce on January 5, 1994. A hearing was held on June 16, 1994.

The trial court issued an oral decision from the bench at the conclusion of the June 16, 1994 hearing. The court divided the parties' assets and liabilities without determining the value of specific items of marital property and without issuing findings of fact in support of the property division. The court also denied appellant's request for spousal support. A judgment entry and decree of divorce incorporating the court's June 16, 1994 oral decision was filed on February 6, 1995. It is from this judgment that appellant now appeals, setting forth the following assignments of error:

Assignment of Error No. 1:

"The trial court erred to the prejudice of the plaintiff/appellant in failing to issue a written decision with findings of fact to support the division of property."

Assignment of Error No. 2:

"The trial court erred to the prejudice of the plaintiff/appellant in failing to make an equitable and complete distribution of all marital and non-marital property."

Assignment of Error No. 3:

"The trial court erred to the prejudice of the plaintiff/appellant in failing to award spousal support to her."

Assignment of Error No. 4:

"The trial court erred to the prejudice of the plaintiff/appellant in ordering her to pay the sum of $802.43 in utility bills."

In her first assignment of error, appellant contends that the trial court erred in failing to issue a written decision with findings of fact to support the division of the parties' property. Appellant argues that when dividing the parties' property the trial court failed to follow the requirements established in R.C. 3105.171(G), which require the court to issue written findings of fact.

■ The trial court has broad discretion in establishing an equitable division of marital property. *King v. King* (1992), 78 Ohio App.3d 599, 604, 605 N.E.2d 970, 972. When reviewing a trial court's decision in a domestic relations case, the abuse of discretion standard applies. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030. The term "abuse of discretion" suggests more than an error of law or judgment and indicates that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. Absent an abuse of discretion, the trial court's judgment cannot be disturbed on appeal. *Id.* at 218, 5 OBR at 482, 450 N.E.2d at 1141.

■ R.C. 3105.171(G) states as follows:

"In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of 'during the marriage.'"

A trial court is also required to disburse a party's separate, nonmarital property, if any, to that party. R.C. 3105.171(D). Moreover, in order to make an equitable division of property, the trial court should first determine the value of marital assets. *Eisler v. Eisler* (1985), 24 Ohio App.3d 151, 152, 24 OBR 240, 241, 493 N.E.2d 975, 976. While the trial court has broad discretion to determine the value of marital property, the court "is not privileged to omit valuation altogether." *Willis v. Willis* (1984), 19 Ohio App.3d 45, 48, 19 OBR 112, 115, 482 N.E.2d 1274, 1277.

■ The trial court issued an oral decision from the bench following the June 16, 1994 hearing purporting to divide the parties' marital and nonmarital property. However, the court did not determine the value of numerous items and did not make written findings of fact to support its division of the parties' property. Accordingly, we find that the trial court failed to comply with the mandates of R.C. 3105.171(G) and abused its discretion in dividing the parties' property. Appellant's first assignment of error is sustained. On remand, the trial court is instructed to review the parties' property, determine the value of the property, and award any separate, nonmarital property to the proper party. The trial court is also instructed to issue written findings of fact to support the division of property pursuant to R.C. 3105.171(G).

Appellant's second and fourth assignments of error involve similar issues relating to the trial court's division of property and will be considered together. In her second assignment of error, appellant contends that the trial court erred in failing to make an equitable and complete division of the parties' marital and

nonmarital property. In her fourth assignment of error, appellant contends that the trial court erred in ordering her to pay utility bills in the sum of $802.43.

As discussed in connection with appellant's first assignment of error, we find that the trial court abused its discretion in failing to issue written findings of fact to support the property division pursuant to the requirements established in R.C. 3105.171(G). In light of our resolution of appellant's first assignment of error, we find it unnecessary to reach the issues presented in appellant's second and fourth assignments of error. Accordingly, appellant's second and fourth assignments of error are rendered moot and are hereby overruled.

In her third assignment of error, appellant contends that the trial court erred in failing to award her spousal support. Appellant argues that in denying her request for spousal support, the trial court failed to consider the required statutory factors contained in R.C. 3105.18(C).

R.C. 3105.18(B) provides that after the trial court divides the parties' property, the court may award reasonable and appropriate spousal support to either party. As discussed in connection with appellant's first assignment of error, we find that the property division in this case is incomplete in that the trial court failed to issue written findings of fact to support the division. In light of our resolution of appellant's first assignment of error, we find it unnecessary to reach the issues presented in appellant's third assignment of error. Accordingly, appellant's third assignment of error is rendered moot and is hereby overruled.

The judgment of the trial court is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

KOEHLER and POWELL, JJ., concur.