OPINION
Defendant-appellant, Daniel C. Richards, appeals the trial court's bench ruling and judgment entry in a divorce between appellant and Effie J. Oakley, formerly Effie J. Richards. Appellant contends the trial court erred by failing to issue written findings of fact and trace appellant's separate assets before dividing property acquired during the marriage. We affirm.
Appellant and appellee were married on July 11, 1987. On September 26, 1996, appellee filed a complaint for divorce from appellant. A September 9, 1997 hearing was held on, inter alia, the distribution of the real estate acquired during the marriage. The trial court issued a bench ruling and subsequently entered a judgment entry on November 13, 1997. Appellant filed a timely notice of appeal and presents three assignments of error for our review:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO ISSUE A WRITTEN DECISION WITH FINDINGS OF FACT TO SUPPORT THE DIVISION OF PROPERTY.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY MAKING DIVISION OF THE REAL ESTATE ACQUIRED DURING THE MARRIAGE WITHOUT FIRST GIVING APPELLANT CREDIT FOR FUNDS FROM HIS SEPARATE PROPERTY USED TO ACQUIRE SUCH REAL ESTATE.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY AWARDING TO THE APPELLEE 1/2 OF THE PROCEEDS OF $15,000 WHICH APPELLANT RECEIVED FROM SALE OF THE EASEMENT ON PREMISES AT 3110 SOUTH MAIN STREET, AND WHICH HE APPLIED TO PAY THE DEBTS BORROWED FROM HIS FATHER.
In the first assignment of error, appellant argues that the trial court erred by failing to issue written findings of fact pursuant to R.C. 3105.171(G), which states:
 In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of "during the marriage."
The import of findings of fact is to provide an appellate court with a sufficient record "to determine the existence of assigned error." Lairson v. Lairson (June 29, 1992), Butler App. Nos. CA91-04-071 and CA91-05-087, unreported, at 5, citing Orlow v. Vilas (1971), 28 Ohio App.2d 57, 59. "Where the trial court's opinion, together with other parts of the record, provides an adequate basis upon which to resolve the legal issues presented, there is substantial compliance * * *." Id. R.C. 3105.171(G) is satisfied "when the reviewing court is able to ascertain the requisite information from various portions of the record, including the trial court's decision." Id.
Appellant insists that our decision in Allen v. Allen (1996),109 Ohio App.3d 640, mandates the trial court to issue written findings of fact. In Allen, the trial court divided the marital and separate property in a bench ruling and failed to "determine the value of numerous items and did not make written findings of fact to support its division of the parties' property." Id. at 642. This appellate court remanded the case to "review the parties' property, determine the value of the property, and award any separate, non marital property to the proper party." We also instructed the trial court to issue written findings of fact. Id.
In this case, the parties stipulated to the values of the property acquired during the marriage. The court's division of that property, ultimately memorialized in a detailed judgment entry, covered all the disputed issues between the parties. Since this trial record, unlike Allen, provides an adequate basis for appellate review, the trial court has substantially complied with R.C. 3105.171(G). The first assignment of error is overruled.
In appellant's second and third assignments of error, he argues that the trial court failed to trace appellant's separate assets. Appellant insists that these separate assets were used to purchase real estate acquired during the marriage.
We initially note that a trial court's decision to classify property as separate or marital will be upheld unless an abuse of discretion is shown. Martin v. Martin (1985), 18 Ohio St.3d 292,294. The abuse of discretion standard also applies to the trial court's distribution of marital property. Berish v. Berish (1982), 69 Ohio St.2d 318, 319. An abuse of discretion connotes more than an error of law or judgment and "implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant stipulated to the value of the following real properties, all acquired during the marriage:[1]
 2608 Oxford State Road $53,000.00 2604 South Main Road $85,000.00 3110 South Main Street(front) $110,000.00 3110 South Main Street(rear) $75,000.00 (- $17,000 mortgage) 5330 Trenton-Franklin Road $20,100.00 Mobile Home $8,000.00
Since these properties were acquired "during the marriage," they are generally considered marital property. R.C.3105.171(A)(3)(a). However, the statute provides that "`[m]arital property' does not include any separate property." R.C. 3105.171(A)(3)(b). Separate property is defined in relevant part as follows:
 "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any one of the following:
* * *
 (ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
 (iii) Passive income and appreciation acquired from separate property by one spouse or during the marriage[.]
Id.
The statute additionally provides that "[t]he commingling of separate property does not destroy the identity of separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). Appellant "has the burden of proof, by a preponderance of the evidence, to trace [an] asset to separate property." Peck v. Peck (1994), 96 Ohio App.3d 731,734. With these standards in mind, we evaluate the merits of appellant's second and third assignments of error.
In the bench ruling, the trial court ruled that "I find no sufficiency of traceability to show where separate monies, non-marital monies, came in." Based on this finding, the court divided the real estate acquired during the marriage as marital property. The trial court awarded all the real estate acquired during the marriage to appellant, with the exception of giving the 2604 South Main Road property to appellee. In order to equitably distribute the monetary value of the marital property, the trial court awarded an $85,000 cash award from appellant to appellee.
Appellant asserts that the real estate acquired during the marriage was partially purchased with $50,000 appellant separately borrowed from his parents. He claims two separate loans, one for $30,000 and another for $20,000, were his separate obligations. Appellant testified that the $20,000 loan was for the purchase of the 3110 South Main Street property and that the loan obligation included $5,000 interest. Appellant paid $40,000 of this obligation before his father was deceased and insists he owes an additional $15,000 to his mother. In addition, appellant claims $20,000 for the purchase of the real estate acquired during the marriage was from appellant's separate bank account.
Since the $70,000 from the loan obligations and the separate bank account were not set off before the real estate acquired during the marriage was distributed, appellant argues that the cash award of $85,000 to appellant was inequitable. We disagree. The loan obligation, owed to appellant's parents, was not documented in writing. Also, appellant testified that both he and appellee owed the $5,000 interest obligation. However, it is not even clear whether the payment of this interest is a legally binding obligation. Appellant testified that he viewed paying $5,000 interest as "fair" to his mother. Appellant also has failed to sufficiently document the separate $20,000 bank account. The only documented evidence consisted of a 1987 federal income tax return showing $1,012 in interest from a "savings account." Viewing the entire record, the trial court was within its discretion to consider the loan obligations as undocumented and insufficiently traced to real estate acquired during the marriage. See Peck, 96 Ohio St.3d at 734.
In a similar argument, appellant insists that $15,000 in proceeds from the sale of an easement, located on the 3110 South Main Street property, is his separate property. According to appellant, $10,000 represents the unpaid loan principal and another $5,000 is interest. As noted, the loan obligation is undocumented and the record does not show any legal obligation to pay $5,000 interest to his mother. The trial court was within its discretion to divide the 3110 South Main Street easement proceeds equally. See id.
Finally, appellant seeks to set off profit from his two separate businesses, Westown Construction and South Main Auto, which appellant claims was used to purchase some of the real estate acquired during the marriage. The trial court found that any profit could not be adequately traced to real estate purchases. In addition, the profit was not passive income, but was "due to labor, monetary, or in-kind contribution of either spouse or both spouses during the marriage," the profit is marital property.[2] R.C. 3105.171(A)(3)(a)(iii). See, also, Kotkowski v. Kotkowski (May 19, 1995), Portage App. No. 94-P-0027, unreported, at 5-6. Appellant clearly provided labor and monetary contributions to the businesses. In addition, appellee, without pay, acted as a bookkeeper for the businesses, especially Westown Construction. The trial court was within its discretion by declining to set off any profit from Westown Construction and South Main Auto. The second and third assignments of error are overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
[1] The stipulation entry of the parties refers to "marital real estate." Despite appellee's assertions to the contrary, appellant's position at the hearing clearly indicated this term meant property acquired during the marriage and not "marital property," as defined in R.C. 3105.171.
[2] "`Passive income' means income acquired other than as a result of the labor, monetary, or in-kind contribution of either spouse." R.C. 3105.171(A)(4).