OPINION
Defendant-Appellant, Tyrone Moore ("Appellant"), appeals the judgment of the Court of Common Pleas of Van Wert regarding the disposition of marital property and the trial court's failure to follow the mandates of R.C. 3105.18(C), the spousal support statute. For the following reasons, we affirm the judgment of the court below.
The pertinent facts of the case are as follows. Appellant and Plaintiff-Appellee, Julie M. Moore ("Appellee"), were married on February 2, 1982, in Paulding, Ohio. Two children were born as issue of the marriage.
Appellant owns a cabinet-making business in Van Wert, Ohio. The business earns approximately $28,000 a year. In 1996, Appellee opened a hair salon in Van Wert, Ohio. The business has earned approximately $250,000. Appellant maintains that he contributed capital and labor to start the business.[1]
In July 1997, Appellee filed for a divorce from Appellant. On October 14, 1998, the magistrate assigned to the case issued a written report detailing the parties' parental rights and responsibilities, as well as support obligations. Each party was designated a residential parent of one of the children. Neither party was ordered to pay spousal support. The magistrate's report also set forth in specific detail the division of the parties' marital assets. In particular, the magistrate ordered that the hair salon business be sold at a public auction. Thereafter, the trial court adopted the findings of fact and conclusions of law of the magistrate. Appellant now appeals, asserting three assignments of error.
For purposes of clarity and brevity, we will address Appellant's first and second assignments of error simultaneously, as both concern a related issue—whether the court erred in failing to establish the value of the hair salon business.
ASSIGNMENT OF ERROR NO. I
 The trial court erred to the prejudice of Defendant-Appellant by overruling his objections to the magistrate's decision on failing to require Plaintiff-Appellee to turn over the necessary financial documents to the accounting firm in order to establish a valuation of the beauty salon as agreed upon by the parties.
ASSIGNMENT OF ERROR NO. II
 The trial court erred and abused its discretion in failing to have a valuation of the beauty salon business before deciding that it should be auctioned for sale.
 We first note that Appellee failed to file a brief in the instant matter. Therefore, pursuant to App.R. 18(C) we may accept Appellant's statement of the facts and issues as correct and reverse the judgment of the court below if Appellant's brief reasonably appears to sustain such action.
Appellant asserts in this appeal that the trial court erred in failing to require the Appellee to provide him with the necessary financial documents in order to establish the value of the hair salon business.[2] Appellant further asserts the trial court erred in failing to establish the value of the hair salon prior to ordering a sale of the business by public auction. For the following reasons, we do not agree.
When reviewing a trial court's decision in a domestic relations case, the abuse of discretion standard applies. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. The term "abuse of discretion" suggests more than an error of law or judgment and indicates that the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Absent an abuse of discretion, the trial court's judgment cannot be disturbed on appeal. Id. at 218.
In order to make an equitable division of marital property, the court must first determine the value of each marital asset. Allen v. Allen (1996), 109 Ohio App.3d 640. While the court has broad discretion to determine the value of marital property, the court is " 'not privileged to omit valuation altogether.' " Allen,109 Ohio App.3d at 642, quoting Willis v. Willis (1984), 19 Ohio App.3d 45,48. If neither party submits evidence of the value of an item of marital property, the court must instruct the parties to do so. Stout v. Stout (May 3, 1993), Columbiana App. No. 92-C-29, unreported.
In the case before us, on August 26, 1998, an evidentiary hearing was held before the court in order to establish the value of the hair salon business. At that hearing, the following exchange took place:
Appellee: "Mr. McConnell [Counsel for Appellant] and I have agreed to submit the case to the Court at this point and within two weeks from today we will submit a number to the Court to use as the figure for the valuation of the hair salon."
The Court: "Is that agreeable Mr. McConnell?"
Mr. McConnell: "It is Your Honor[.]"
As of October 9, 1998, neither party had yet to comply with that agreement, as evidenced by the magistrate's report of October 14, 1998, which provides in pertinent part as follows:
 The Court granted the parties two additional weeks to jointly present their evidence. As of October 9, 1998 neither party has present[ed] anything to the Court[.]
The record before this Court clearly demonstrates that neither party had furnished any evidence of the value of the hair salon business to the court as of October 9, 1998?one full month after the agreed upon date for the submission of a value to the court. For these reasons, in order to establish the value of the hair salon, the trial court ordered the business for sale by public auction. Having determined that the parties in this matter are solely accountable for failing to establish an alternative method for establishing the value of the property, we find that the trial court was within its discretion in ordering such a sale.
Accordingly, Appellant's first and second assignments of error are overruled.
ASSIGNMENT OF ERROR NO. III
 The trial court abused its discretion in adopting the magistrate's report because the magistrate failed to consider the factors in R.C. 3501.18 for purposes of awarding spousal support.
Appellant asserts in his third assignment of error that the failure of the court to consider the factors enumerated in R.C.3105.18(C)(1), as well as the failure of the court to set forth the basis upon which the spousal support award was rejected constitute reversible error. For the following reasons, we do not agree.
Spousal support is statutorily defined as "any payment or payments * * * that is both for sustenance and for support of the spouse or former spouse." R.C. 3105.18(A). An award of spousal support must be underpinned by proof of the following two matters: (1) the obligee's need for support, and (2) the obligor's ability to pay. Layne v. Layne (1992), 83 Ohio App.3d 559. It is well-settled that a trial court has broad discretion in fashioning an award of spousal support. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,24. Upon determining the proper division of property, a trial court may award reasonable spousal support to either party. R.C. 3105.18(B). Further, to enable the reviewing court to determine if an award is fair, equitable, and in accordance with the law, the trial court must "indicate the basis for its award in sufficient detail" to permit proper appellate review. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 97.
In the present case, Appellant initially maintains that the trial court erred in failing to set forth the basis upon which the spousal support award was rejected. Contrary to Appellant's assertion, a review of the record reveals that the magistrate's report provides in sufficient detail the basis for the court's refusal to render such an award. Thus, Appellant's argument is not well-taken.
Appellant further maintains that the trial court erred in failing to consider all of the enumerated factors of R.C.3105.18(C) upon determining whether an award of spousal support in the present case was appropriate and reasonable. In determining whether an award of spousal support is appropriate and reasonable, R.C. 3105.18 requires the trial court to review the statutory factors listed in R.C. 3105.18(C)(1). However, the failure of the trial court to specifically "enumerate" those factors does not constitute reversible error. Iorillo v. Iorillo (Oct. 2, 1996), Lorain App. No. 96CA006323, unreported.
In the case before us, a review of the magistrate's report does reveal that each individual factor listed in R.C.3105.18(C)(1) was not specifically addressed within the report. However, the magistrate's report state's in pertinent part that "[t]he Court [has] considered all of the criteria for determining spousal support set forth in O.R.C. Sec. 3105.18(C)(1)." (Emphasis added.) Thus, we find that the magistrate complied with the statutory requirements set forth in R.C. 3105.18(C)(1). For the reasons aforementioned, we find that Appellant's argument must fail. Accordingly, Appellant's third assignment of error is overruled.
Judgment affirmed.
BRYANT, P.J., and SHAW, concur.
[1] Appellant asserts that he provided custom-built cabinets for the salon worth approximately $40,000-$50,000. Appellant also asserts that he contributed approximately $18,000 in cash in establishing the business.
[2] Appellant asserts that in order to establish the value of the hair salon, he made several requests to obtain the financial records of the business from Appellee, but that such requests were either refused or ignored by Appellee.