OPINION
Defendant-appellant Ardyn L. Motter appeals the November 19, 1999 judgment entry of the Wyandot County Court of Common Pleas in this contested divorce action.
Appellant married appellee Karen Motter on February 15, 1964. The marriage produced two children, both of whom are now adults. On August 3, 1998, appellee filed a complaint for divorce in the Wyandot County Common Pleas Court, alleging gross neglect, extreme cruelty, and incompatibility. Appellee's complaint requested that the court award her "her fair share" of the marital assets, temporary and permanent spousal support, attorney fees, court costs, and other appropriate relief. That same date, the trial court issued orders granting appellee temporary spousal support and allowing appellee to remain in the marital residence. The court also enjoined the appellant from entering the marital residence without appellee's prior approval and from "selling, encumbering, damaging or otherwise disposing of marital property" during the court proceedings. On August 11, 1998, appellant filed an answer, in which he denied the allegations of cruelty and neglect but admitted "that the parties are incompatible as marital partners." Answer, at ¶ 5.
The court proceeded to hold a trial on the matter on August 18 and 19, 1999, and on November 19, 1999, issued a judgment entry granting appellee's complaint for divorce on the ground of incompatibility. The court also ordered that the marital home be sold at public auction, and that the proceeds be used to pay amounts remaining on a loan associated with a 1997 Mercury Villager van and a 1995 Ford Ranger truck owned by the parties, with amounts remaining to be divided equally between the parties.[1] The court issued detailed findings of fact relating to the automobiles:
 Plaintiff is awarded the 1997 Mercury Villager van, free and clear of any claim of the Defendant; and Defendant is be[sic] awarded the 1995 Ford Ranger truck, free and clear of any claim of the Plaintiff. * * * *
The Mercury Villager van was appraised by Defendant as having a $17,000.00 value and his Ford Ranger pickup as having a value of between $7,000 and $9,000. Each vehicle had a separate loan with the van having an $11, 365.00 debt associated to it and the truck having approximately $8,000 in debt associated to it. There is an approximate $4,000 to $ 5,000 difference in equity as between the vehicles. The van's monthly loan was $276.00 and the truck's was $303.48. However, during the pendency of this proceeding and in derogation of this Court's Order, the Defendant consolidated the individual loans, increased the interest payment and presumably lengthened the pay-off time over five (5) years in order to bring the payment on both vehicles down to the monthly amount of $360.00.
While Defendant may have felt he was being financially responsible by reducing his monthly obligation, he entangled the parties' assets at a time when the attempt was being made to divide them. Further, his approach may have changed the terms in a manner not particularly desirable to Plaintiff, yet he gave her no choice in the matter.
The difference in equity in the vehicles awarded will be taken into consideration when the issue of spousal support is determined, however, Defendant's misconduct in regards to his dealings involving these vehicles will likewise be considered.
Judgment Entry, at *5-6. Upon addressing the issue of spousal support, the trial court ordered that "[t]he difference in equity in the parties' vehicles [i]nures to the benefit of the Plaintiff and shall be considered as an award of spousal support for the afore stated reasons." Judgment Entry, at *11.
The trial court also noted that "[n]either party has appraised the marital household goods and furnishings. Plaintiff presented lists of what she wanted and what Defendant could have; whereas, the Defendant took the position of selling it all." Judgment Entry, at *6. The court refused to adopt either approach:
 Plaintiff cannot dictate what Defendant shall have of the household items and Defendant's approach is not sound financially as a party may have need of an item that he or she may not be able to purchase at a public sale. Therefore, each party, no later than twenty (20) days before the real estate sale, shall, starting with Plaintiff, pick an item of household goods and furnishings on an alternating basis until there are no more to be divided or until the parties both agree that the remaining items may be sold. All proceeds from the sale of household goods and furnishings shall be divided equally between the parties, less the cost of the sale.
To further clarify the above procedure, an "item" shall be all goods which naturally go with such item so that a matching couch and loveseat would constitute an item, a set of dishes and serving pieces of the same pattern would constitute an "item" as would a bedroom suite. Judgment Entry, at *6-7. Finally, the court determined that the Defendant's disability payments from his former job with the U.S. Postal Service would be split between the parties:
 [A]ny funds Defendant receives from his disability pension retirement prior to the first available retirement date under the plan that he could take — shall be considered income and from that Plaintiff shall be entitled to one-half (1/2) of the gross proceeds as and for spousal support. * * * * When Defendant reaches, if he has not already done so, the first retirement date specified in his retirement plan, this benefit (the gross amount) shall be divided and paid equally to the parties as any marital asset.
Judgment Entry, at *9-10. On December 17, 1999, appellant filed an appeal in this Court, and he now asserts five errors with the trial court's judgment. We have reordered appellant's assignments of error to facilitate our review, and begin by addressing his fourth assigned error.
IV. The trial court erred as a matter of law ingranting a divorce upon the grounds of incompatibilitywhen no admission or acknowledgment of incompatibility wasobtained through testimony of the appellant.
Appellant asserts — for the first time on appeal — that the trial court incorrectly granted a divorce based on spousal incompatibility, where he did not affirmatively admit to that incompatibility in his testimony. R.C. 3105.01 reads, in pertinent part: "The court of common pleas may grant divorces for the following causes: * * * Incompatibility, unless denied by either party." R.C. 3105.01(K). Appellant argues that the statute requires him to admit in testimony at the final hearing that the parties are incompatible in order for a divorce to be granted on that ground. We disagree. Here, both appellee and her son testified that the parties were in fact incompatible marital partners. Appellant has never denied that the parties are incompatible, and in fact appellant admitted such incompatibility in his answer to the divorce complaint. See Answer, at ¶ 5. Given this evidence, we cannot say that the trial court abused its discretion in granting appellee a divorce on the basis of incompatibility. Cf. Lehman v. Lehman
(1991), 72 Ohio App.3d 68, 70-72.
 I. The trial court erred as a matter of law when it ordered division of appellant's disability retirement benefits which are appellant's separate property.
 III. The trial court failed to equitably divide the parties['] personal property interests by ordering that the parties participate in an alternating "pick and choose" division of the property and further ordering that appellee receive the difference in equity in her vehicle as spousal support.
 V. The trial court erred as a matter of law when it failed to identify the personal injury settlement as the appellant's separate property.
Appellant's first, third and fifth assignments of error all address the trial court's decisions in relation to classification and division of marital property, and as such we will address them together. Our review of these determinations is guided by the principles set forth by the Ohio Supreme Court in Middendorf v. Middendorf (1998), 82 Ohio St.3d 397,696 N.E.2d 575:
 A trial court has broad discretion in making divisions of property in domestic cases. A trial court's decision will be upheld absent an abuse of discretion. "Abuse of discretion" is more than an error of law or judgment; it implies that the court acted in an unreasonable, arbitrary, or unconscionable fashion. If there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion.
 Id. at 401 (citations omitted). Appellant first contends that the trial court erred by classifying his disability retirement benefits as marital property and dividing them on that basis. Appellant argues that in Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, the Ohio Supreme Court determined that such benefits are not a marital asset. In Hoyt, the Supreme Court noted that "[t]he general rule is that pension or retirement benefits earned during the course of a marriage are marital assets," seeid. at 178, but observed that there were exceptions to that rule, including "(1) social security benefits, (2) disabilityretirement pay, and (3) railroad benefits." Id. at 178 fn. 3 (emphasis added).However, the court also held that "[w]hen considering a fair and equitable distribution of pension or retirement benefits in a divorce, the trial court must apply its discretion based upon the circumstances of the case, the status of the parties, the nature, terms and conditions of the pension or retirement plan, and the reasonableness of the result." Id., at paragraph one of the syllabus.
In Elsass v. Elsass (Dec. 29, 1993), Greene App. Nos. 93-CA-0005 and 93-CA-0016, unreported, 1993 WL 541610, the Second District Court of Appeals considered the Hoyt decision and concluded that "disability benefits are not marital property unless `they are accepted by the retiree in lieu of retirement pay, [in which case] they are marital property to the extent that retirement pay value is included therein.'" Id. at *5 (emphasis and citations omitted). Other courts have followed a similar rationale. See, e.g., Bauser v. Bauser (1997), 118 Ohio App.3d 831,835, and Koba v. Koba (Dec. 19, 1996), Cuyahoga App. No. 70570, unreported, 1996 WL 732547 at *3. In its recent decision in Okos v. Okos (April 7, 2000), Lucas App. No. L-98-1382, unreported, 2000 WL 353095, the Court of Appeals for the Sixth District applied the Elsass test and held that if the record contained evidence supporting the trial court's decision as to the classification of benefits, that classification is not an abuse of discretion. See id. at *3.
In this case, the record reveals that the appellant admitted that his retirement pay had been completely absorbed by his decision to take disability prior to becoming eligible for retirement. See Transcript at * * 37-38. The trial court took this factor into account, and concluded that until appellant reached the age to be eligible for retirement, his disability benefits were wage replacement and therefore his separate property. See Judgment Entry, at *9. However, the trial court also held that when appellant reached "the first retirement date specified in his retirement plan, this benefit (the gross amount) shall be divided and paid equally to the parties as any marital asset." Id. at *10. This decision comports with both Elsass and Hoyt, and moreover is supported by sufficient evidence in the record. We therefore conclude that the trial court's classification of appellant's retirement benefits as marital property was not an abuse of discretion.
Appellant next argues that the trial court's decision to divide the parties' personal property by means of an "alternating `pick and choose' division" was an abuse of discretion. Appellant argues that although trial courts "must have discretion to do what is equitable under the facts and circumstances of each case,"Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222, in this case the trial court's decision cannot be deemed equitable in any was because the court failed to value each individual marital asset prior to ordering division. Cf. Allen v. Allen (1996), 109 Ohio App.3d 640,642. However, the statute does not require the trial court to make findings as to the value of each individual piece of marital property. Cf. id. The trial court noted that "[n]either party has appraised the marital household goods and furnishings. Plaintiff presented lists of what she wanted and what Defendant could have; whereas, the Defendant took the position of selling it all." Judgment Entry at *6. In Frost v. Frost (1992), 84 Ohio App.3d 699, the Franklin County Court of Appeals faced a similar situation:
 There was no evidence presented as to the value of the household goods and furnishings. The trial court complied with the parties' desire for an in-kind physical division and ordered that two-thirds of the household goods and furnishings go to the appellee and one-third go to the appellant on a rotation selection basis, and that the children's furnishings be excluded from the division. In light of the entire division of property, this aspect of the trial court's award did not constitute an abuse of discretion.
 Id. at 712. While the situation addressed in Frost is not identical to the instant case, it does provide ample support for the trial court's determination:
Plaintiff cannot dictate what Defendant shall have of thehousehold items and Defendant's approach is not sound financiallyas a party may have need of an item that he or she may not be ableto purchase at a public sale. Therefore, each party * * * shall,starting with Plaintiff, pick an item of household goods andfurnishings on an alternating basis until there are no more to bedivided or until the parties both agree that the remaining itemsmay be sold. All proceeds from the sale of household goods andfurnishings shall be divided equally between the parties, less thecost of the sale.
Judgment Entry, at * * 6-7. We believe that in light of theFrost case and the factual situation presented herein, it was well within the trial court's discretion to order that the household goods and furnishings be divided by a rotating selection, and that the decision was in fact an equitable one.
Appellant also contends that the court should have concluded that the proceeds from a personal injury settlement were his separate property. As a general matter, proceeds from personal injury settlements are classified as separate property. See,e.g., R.C. 3105.171(6)(a)(vi). However, it appears that in this case the settlement was in satisfaction of all claims both appellant and appellee had from the accident in question and that the proceeds of the settlement were paid to both parties jointly. Moreover, appellee's uncontroverted testimony established that the settlement required her approval. See, e.g., Transcript at *84. Accordingly, we cannot say that the trial court's decision to classify the settlement as marital property was an abuse of discretion. Cf. Everhardt v. Everhardt (1991), 77 Ohio App.3d 396,400-01.
 II. The trial court ruling granting spousal support was against the manifest weight and the sufficiency of the evidence.
In his remaining assignment of error, appellant contends that the trial court erred by awarding spousal support to the appellee. The trial court's award of spousal support had three particular prongs. First, until his earliest date of retirement, the trial court ordered appellant to pay spousal support in the amount of one-half the gross proceeds of his disability payments. See Judgment Entry, at *9. The trial court also noted that although each of the parties had been awarded one automobile, that the appellee's vehicle was worth more after the loan was paid off, and therefore concluded that "[t]he difference in equity in the parties' vehicles [i]nures to the benefit of the Plaintiff and shall be considered as an award of spousal support * * *." Id. at *11. Finally, the trial court also ordered appellant to pay to appellee "the sum of One Dollar ($1.00) per annum plus applicable processing * * *" and retained jurisdiction over spousal support "so that further adjustments may be made as facts may warrant." Id.
Appellant argues that the trial court failed to make specific findings of fact and conclusions of law justifying the support award, and that the award cannot be justified as "fair, equitable or in accordance with the law."R.C. 3105.18(C)(1) reads:
 In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.
Appellant contends that the trial court failed to take these factors into proper consideration, and that the award of support was not supported by sufficient evidence. We disagree. Trial courts have broad discretion concerning awards of spousal support. See, e.g., Tremaine v. Tremaine (1996), 111 Ohio App.3d 703,706. Our review of the trial court's order reveals that the trial court considered the matters required. See Judgment Entry, at * * 8-11; cf. Kucmanic v. Kucmanic (1997),119 Ohio App.3d 609, 613. Moreover, there exists ample evidence in the record supporting the trial court's conclusions as to spousal support. Although appellant has pointed to evidence in the record which may support his argument that appellee is capable of earning sufficient funds so as to make an award of spousal support superfluous, our review of the record as a whole indicates that the trial court's decisions did not amount to an abuse of discretion.
For these reasons, the five errors assigned by appellant are overruled, and the judgment of the Common Pleas Court of Wyandot County is affirmed.
 __________________________ SHAW, J.
HADLEY, P.J., and BRYANT, J., concur.
[1] The court ordered that after the proceeds were divided, appellant was to have deducted from his share any outstanding spousal support he owed to the appellee and that the amount deducted be paid to the appellee. The court found that "[a]s of August 18, 1999, this amount was $1, 766.18." Judgment Entry, at *4-5.