OPINION
Defendant-appellant, Mildred Spicer, appeals from the judgment entry — decree of divorce of the Marion County Court of Common Pleas, Domestic Relations Division. Specifically, she appeals concerning the exclusion of the proffered evidence regarding the valuation of plaintiff-appellee's, Gregory Spicer, plumbing business and the manner in which spousal support was awarded to her. The parties to this appeal were married in 1976, and five children were born as issue of the marriage. In May 2000, appellee filed for divorce. Appellant counterclaimed, and a final hearing was conducted on January 29, 2001. The trial court filed its judgment entry — decree of divorce on February 5, 2001. At the time of the parties' divorce, their son Joseph who was age eighteen was to graduate from high school and their daughter Monica was age fifteen.
Appellant filed the instant appeal, asserting two assignments of error. For her first assignment of error, appellant asserts:
 Equitable division of property pursuant to Revised Code 3105.171(C)(1) is not accomplished when the trial court fails to consider all evidence, including proffered evidence.
 Appellant argues that the trial court did not equitably divide the parties' marital property because it failed to consider all evidence as to the value of appellee's plumbing business, specifically the appraisal evidence proffered by appellant.
At the final hearing, appellant testified on direct examination that she incurred the expense of $1,500 for an appraisal done on appellee's plumbing business, but introduced no further details as to the substance of the appraisal itself until redirect examination. However, appellee objected to any testimony about this appraisal (defendant's exhibit K) on redirect examination when it had not been addressed on cross-examination. The trial court sustained the objection and appellant proffered into evidence the appraisal report of Holbrook Manter wherein the business was valued between $30,515 and $47,300.
A trial court has broad discretion in the admission and exclusion of evidence and will not be reversed absent an abuse of that discretion which materially prejudices a party. Krischbaum v. Dillon (1991),58 Ohio St.3d 58, 66. Moreover, the exclusion of questions asked on redirect examination that are not related to questions asked on cross-examination is within the sound discretion of the trial court. SeeState v. Spirko (1991), 59 Ohio St.3d 1, 27. However, an equitable division of marital property requires the trial court to determine the value of marital property. Allen v. Allen (1996), 109 Ohio App.3d 640,642.
With regard to appellee's plumbing business, the only evidence before the trial court from which a determination of the business' value could be made consisted of testimony by appellee. Based on this testimony, the trial court held in its judgment entry that the business had a value of $10,000 and that appellee would be responsible for all debts associated with the business. However, in light of the fact that the issue of the appraisal had been addressed on direct examination and recognizing that the trial court was required to consider value in making an equitable division of the marital property, we believe the trial court abused its discretion by refusing to allow testimony on redirect examination regarding appellant's appraisal of the business. The first assignment of error is well taken and is hereby sustained.
For her second assignment of error, appellant asserts:
 The court commits error when its award of spousal support pursuant to Revised Code 3105.18 is made a part of the division of property under section 3105.171 of the Revised Code.
 Appellant argues that the trial court's award of spousal support was actually made as part of the court's property division and thus, a violation of R.C. 3105.18(A). Pursuant to R.C. 3105.18(A), payments to a spouse or former spouse " *** made as part of a division or distribution of property ***" are not to be considered as "spousal support."
As to the division of marital property, the court ordered that the marital real estate would be sold upon the youngest child graduating from high school and then the proceeds divided between the parties. During that time, appellant would have the occupancy of the parties' real estate and shall be responsible for the mortgage payment, real estate taxes, insurance, and utilities of the home.
As to the issue of spousal support, the trial court made several findings based on the evidence, such as the twenty-four-year duration of the marriage and the incomes of the parties. The court awarded appellant $550 monthly spousal support until the youngest child graduates from high school. In doing so, the court recognized that it would cost $1,095 per month for appellant to maintain the real property. The trial court's consideration of the home expenses does not suggest to us that these payments were intended to be part of the property division in this case rather than an award of spousal support. Accordingly, appellant's second assignment of error is without merit and is overruled.
This cause is remanded to the trial court for further proceedings consistent with this opinion.
WALTERS, P.J., and BRYANT, J., concur.