OPINION
Kristine L. Casper, plaintiff-appellant, appeals the April 27, 2001 judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, wherein the court granted appellant and Frank M. DeFrancisco, defendant-appellee, a divorce.
Appellant and appellee were married in December 1995, and separated in November 1997. Appellant filed her complaint for divorce in July 1998, requesting spousal support, attorney fees, and an equitable division of all marital property and liabilities. Appellee filed for Chapter 7 bankruptcy in June 2000, naming appellant as a creditor. Appellee's debts were discharged to all listed creditors, including appellant. After numerous continuances, on February 20 and 21, 2001, hearings were held on appellant's complaint for divorce and the trial court entered a judgment entry-decree of divorce on April 27, 2001.
In the divorce decree, the court found the de facto date of termination of the marriage was August 1, 1999. The court also found the amounts in appellee's Ohio Public Employees Deferred Compensation Program account and his Public Employee Retirement System ("PERS") account were separate property and awarded such to appellee. The court awarded appellant all rights and interest in her PERS account. Further, the court ordered the parties to equally divide any proceeds from the sale or foreclosure of the marital residence. The court also awarded appellant fifty percent of the marital portion of appellee's Fireman's Disability and Pension Fund ("FDPF"). Appellee was ordered to pay one-half of the parties' credit card debts and one-half of appellant's student loans incurred during the term of the marriage. Appellant was ordered to repay loans made by her parents. Appellant was awarded possession of the 1997 Chevy Astro minivan, and appellee was awarded the 1993 Volvo. In addition, the trial court ordered appellee to pay any joint income tax liabilities or liens incurred for the tax years during the marriage, but also ordered that the parties equally divide any income tax refund or liability for the 1998 and 1999 tax years. The court also divided numerous miscellaneous household items. Because there was no evidence regarding the value of appellee's lawn-care business, the court ordered all rights and interest be retained by appellee. Appellant now appeals this judgment, asserting the following assignments of error:
 I. THE TRIAL COURT ERRED IN REFUSING TO ENFORCE THE PERSONALLY SERVED SUBPOENA UPON MARY BEATLEY WHO WAS THE PARAMOUR AND MAJOR INCOME SOURCE OF DEFENDANT SO THAT HER TESTIMONY COULD BE PRESENTED.
 II. THE TRIAL COURT ERRED IN RULING THAT THERE WAS A DEFACTO [sic] TERMINATION OF THE MARRIAGE AS OF AUGUST 1, 1999 FOR PURPOSES OF ALLOCATING MARITAL ASSETS AND DEBTS.
 III. THE TRIAL COURT'S JUDGMENT ALLOCATING ASSETS AND DEBTS WAS CONTRARY TO LAW AND THE EVIDENCE, ESPECIALLY IN LIGHT OF THE DEFENDANT HAVING FILED CHAPTER 7 BANKRUPTCY IN JUNE, 2000.
Appellant argues in her first assignment of error the trial court erred in failing to enforce the subpoena issued for Mary Beatley, who had a personal relationship with appellee during the marriage and owned an apartment complex that was the sole customer of appellee's lawn-care business. At the commencement of trial, Beatley was not present, so appellant's counsel requested the court issue a capias pursuant to a properly served subpoena to compel her attendance. The court withheld judgment on the request at the time. After Beatley failed to appear by the conclusion of the first day of trial, appellant's counsel again requested the court issue a capias for Beatley. The court responded, "I wouldn't grant that based on what I heard. I don't see how her testimony is critical based on what I heard. * * * I think the things you set forth as to what you were leading to, I don't think — you've already gotten the evidence and information in * * *." Appellee counters the trial court did not err because there was no proof of service of the subpoena in the court file at the time of the trial, and, regardless, Beatley's testimony was irrelevant. We disagree.
We find the trial court erred in failing to enforce the subpoena served on Beatley. Initially, it should be noted the trial court clearly did not deny appellant's request to issue a capias due to the lack of proof of service. The trial court explicitly stated before the trial commenced that it was satisfied Beatley had been served. More importantly, we find Beatley's testimony would have been relevant in determining the assets contained in the marital estate. Appellee testified at trial that although he had a business bank account, he regularly cashed checks from Beatley to him without depositing them. He admitted he did not inform the bankruptcy court he was receiving these payments and cashing the checks. He further admitted that by cashing the checks and not depositing them in an account, they could not be traced or accounted for. Appellee also testified Beatley made some deposits in his bank account for him. Due to the somewhat vague and unusual financial transactions and dealings between appellee and Beatley, particularly when viewed in conjunction with the intimate nature of their relationship, Beatley's testimony could have been significant. Thus, we find that as a result of the trial court's refusal to enforce the subpoena, appellant was unreasonably deprived of pertinent testimony needed to ascertain the true assets and financial status of appellee's business, as well as any monies and gifts appellee provided to Beatley using marital assets, in order to determine the true composition of the full marital estate. Appellant's first assignment of error is sustained.
Appellant argues in her second assignment of error the trial court erred in making the de facto date of separation August 1, 1999. "The decision to use the final hearing date as the valuation date or another alternative date pursuant to R.C. 3105.171(A)(2)(a) and (b) is discretionary and will not be reversed on appeal absent an abuse of discretion." Schneider v. Schneider (1996), 110 Ohio App.3d 487, 493. "An abuse of discretion connotes more than an error of law or judgment: it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable." Szymczak v. Szymczak (2000), 136 Ohio App.3d 706, 713, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. A trial court may use a de facto termination date when such a date would be equitable. Berish v. Berish (1982), 69 Ohio St.2d 318, 320. Otherwise, it is presumed the date of the final divorce hearing is the appropriate termination date of the marriage. Id.; Glick v. Glick (1999), 133 Ohio App.3d 821, 828. Use of a de facto termination date may be appropriate when one party leaves the marital home, there is no attempt at reconciliation, the parties have separate bank accounts and business activities, the parties are separated for several years, and a substantial amount of assets are accumulated during the separation. See Gullia v. Gullia (1994), 93 Ohio App.3d 653. Further, we have held that "an alternative valuation date should be employed when the totality of the circumstances and equitable considerations between the parties demonstrate that there was a clear and bilateral breakdown of the marriage and the parties have ceased contributing to each other for each other's benefit as would partners in a shared enterprise or joint undertaking." Rogers v. Rogers (Sept. 2, 1997), Franklin App. No. 96APF10-1333, unreported.
A review of the record in this case demonstrates the trial court did not abuse its discretion when it determined the de facto termination date of the marriage was August 1, 1999. Several factors detailed above support this termination date. Appellee began a relationship outside the marriage with Beatley in September 1997, and appellee and appellant separated in November 1997. Appellant filed for divorce and retained counsel in 1998. Appellee stopped contributing to a joint checking account for payment of food, clothing, and marital home utilities sometime in 1998. Also, in August 1999, appellee stopped making deposits in a joint bank account for lease payments and insurance on the Volvo and minivan, stopped contributing to the mortgage on the marital home, and the parties ceased having any joint banking accounts. Although appellant alleges the parties had attempted to reconcile, she gave no further explanation, and appellee denied such. The parties testified they had not had sexual relations since they separated, and appellee stated he had not slept at the residence since the separation. Appellant indicated that she and appellee had only spent "minimal" time together since they separated. The parties have not had dinner together since the end of 1997. Although appellant testified they "perhaps" had some kind of social relationship in 1998, she agreed that after 1999, they had no social relationship. Appellant testified she had told others they have separated, and they have not held themselves out to others as a married couple since November 1997.
Although several initial acts appear to have been unilateral on behalf of appellee, considering the totality of the circumstances, we find using August 1, 1999 as the de facto termination date of the marriage was not unreasonable or arbitrary. Therefore, appellant's second assignment of error is overruled.
Appellant argues in her third assignment of error the trial court's property division was contrary to law and the evidence. Appellant first asserts the trial court did not make the requisite findings of fact pursuant to R.C. 3105.171(F), and the order is not sufficiently detailed to allow her to enforce the order. Appellant indicates numerous specific examples. Appellant points out that although the trial court ordered that appellee would be "responsible" for one-half of her student loans, the court did not establish the value of such, the amount to be paid, or the method or time limit to pay them. Similarly, the trial court ordered appellee to pay one-half of appellant's credit card balances as of August 1, 1999, but failed to indicate the value of such balances and payment terms. Appellant also argues the trial court failed to value the Astro minivan and did not take into account the testimony indicating the minivan was in a negative equity position. Appellant also complains the trial court placed no value upon the undefined "marital portion" of appellee's FDPF account, instead, relying upon nonspecific boilerplate language. In addition, appellant asserts the trial court's order is internally inconsistent in that it ordered appellee to hold appellant harmless on any joint federal, state, and local income tax liability for the years during the marriage, but then stated inconsistently in the following sentence that the parties should equally divide any tax liability for the tax years 1998 and 1999. Appellant argues that such are not only internally inconsistent, but also inconsistent in that the trial court had previously determined the marriage terminated as of August 1, 1999, thereby apparently making the parties jointly responsible for taxes incurred after the de facto termination date of the marriage.
Appellant further contends the trial court failed to take into account the bankruptcy proceedings in making its orders. Appellant points out the court awarded the Volvo to appellee and required him to hold appellant harmless on any remaining liability, despite the fact the loan on the vehicle was listed in the bankruptcy. She also asserts that although the trial court ordered the parties to divide any proceeds from the sale of the marital home, this order is meaningless given the transfer of the house to the bankruptcy trustee. Appellant further notes that, notwithstanding the bankruptcy, the trial court failed to mention the second mortgage that was attached to the marital home. Appellant also complains the court's order that the parties should equally divide any tax refund for the tax years 1998 and 1999 was hollow, given that it would seem any potential refund would be under the control of the bankruptcy trustee. The court also ordered appellee to pay one-half of appellant's undefined student loans and one-half of the undefined credit card balances, despite that fact that appellee was discharged from all debts owing to appellant in his bankruptcy.
In addition, appellant argues the trial court should have ordered appellee's payment of the debts be in the form of spousal support, which was requested in the complaint, as such are not dischargeable in bankruptcy. Appellant maintains that because the bankruptcy discharged any debts appellee owed to appellant, it has allowed appellee to elude his obligations as ordered.
With regard to the trial court's division of property, it is well-established that a trial court has broad discretion to determine what division of assets and liabilities is equitable in a divorce proceeding. Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 95. In making a division of marital property, the trial court is required to consider all factors listed in R.C. 3105.171(F), and make written findings of fact to support its determination. See R.C. 3105.171(G); id. The underlying purpose of R.C. 3105.171(G) is to assure the parties the trial court has considered all necessary and relevant factors. Apicella v. Apicella (Nov. 15, 1999), Belmont App. No. 97-BA-65, unreported. If the trial court fails to consider the factors set forth in R.C. 3105.171(F) when making a division of marital property, it will constitute an abuse of discretion. R.C. 3105.171(C)(1); Heslep v. Heslep (June 14, 2000), Monroe App. No. 825, unreported. Although the trial court does not need to exhaustively itemize every R.C. 3105.171(F) factor, the court's decision must contain a clear indication that the statutory factors were considered before the division of property was made. Heineman v. Manemann (Apr. 20, 2001), Clark App. No. 2000 CA 76, unreported; Heslep, supra. In addition, in order to make an equitable division of property, the trial court should first determine the value of marital assets. Eisler v. Eisler (1985), 24 Ohio App.3d 151, 152. While the trial court has broad discretion to determine the value of marital property, the court "is not privileged to omit valuation altogether." Willis v. Willis (1984),19 Ohio App.3d 45, 48.
With regard to spousal support, a trial court has broad discretion to determine whether to award spousal support. Vanderpool v. Vanderpool (1997), 118 Ohio App.3d 876, 879, citing Blakemore, supra, at 218. However, the trial court must provide a clear basis for the denial of spousal support and consider all the factors relevant to spousal support, as required by R.C. 3105.18. Kaechele, supra, paragraphs one and two of the syllabus. The trial court need not list and comment upon each factor; it need only consider the factors listed in R.C. 3105.18. Carman v. Carman (1996), 109 Ohio App.3d 698, 703.
In the present case, the trial court's decision purports to divide the parties' marital and nonmarital property. However, the court did not determine the value of any property, did not make sufficient findings of fact to support its equitable division of the parties' property, and did not take into consideration the effect of appellee's bankruptcy in making its orders. Appellee concedes the trial court failed to make specific findings as to the assets and debts as required by R.C. 3105.171. There is no indication the trial court considered the factors listed in R.C.3105.171(F), and we are not convinced the trial court considered them. Nowhere in its judgment is R.C. 3105.171(F) even mentioned. Appellee also concedes his bankruptcy filing and discharge of financial obligations owed to appellant by him makes any orders by the trial court as to payment of debts meaningless and unenforceable. We agree. Appellee further concedes the trial court failed to consider the factors enumerated in R.C. 3105.18 with regard to spousal support, which was specifically requested in the complaint. There is nothing in the record to indicate the trial court considered spousal support or any statutory factors.
Because of the lack of evidence in the record supporting a conclusion that the trial court considered the mandatory statutory factors for distributing marital property, the trial court's failure to make valuations of any of the property distributed, and its failure to take into account appellee's bankruptcy, we find the trial court's division of marital property and debt to be arbitrary and an abuse of discretion. Thus, we find the trial court failed to comply with the mandates of R.C.3105.171(G) and abused its discretion in dividing the parties' property. We also find the trial court erred in failing to address spousal support as specifically requested in the complaint. Appellant's third assignment of error is sustained.
Therefore, the portion of the trial court's judgment pertaining to the division of property will be reversed and remanded. On remand, the trial court shall hold a new trial, determine the value of the property, review the distribution of separate property, and make a division of the marital property, while taking into consideration the effect of appellee's bankruptcy on its orders. We also advise the trial court to provide written findings that demonstrate that the property division is equitable, if not equal, pursuant to R.C. 3105.171(G), and illustrate that it considered the factors set forth in R.C. 3105.171(F). See Allen v. Allen (1996), 109 Ohio App.3d 640. Upon remand, the trial court should also consider spousal support and the relevant statutory factors, keeping in mind that payments ordered in the form of spousal support are generally not dischargeable in bankruptcy. Further, the court should consider any relevant, credible evidence and testimony presented by Beatley, as discussed in our disposition of appellant's first assignment of error.
Accordingly, we sustain appellant's first and third assignments of error and overrule her second assignment of error. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part; case remanded with instructions.
DESHLER and BOWMAN, JJ., concur.