**CHRISTOPHER, Plaintiff, v. CHRISTOPHER etc., Defendant.**

Common Pleas Court, Summit County.

No. 154598.   Decided January 16, 1950.

Albert F. Schwartz, Akron, for plaintiff.
Stephen J. Wozniak, Claude Herman, Akron, for defendant.

## OPINION

By WATTERS, J.

On March 17, 1944, this court granted a divorce to Mrs. Violet Christopher from her husband, Hugh Christopher, who was personally served with summons, on the grounds of gross neglect. That was in case No. 145,363 this court.

Now, almost two years later, the defendant there files the instant action (February 6, 1946) asking that said divorce be set aside and the property rights between the parties determined.

Among other things the plaintiff here, Hugh Christopher, claims that the defendant when she married him had a living husband from whom she was never divorced.

He also claims that she told him she wasn't going through with the divorce, and that they continued to live together until she informed him she was divorced shortly after March 17, 1946.

In the evidence here it was proven and admitted that Mrs. Christopher did have a husband living when she married Christopher, and that she never divorced him, and he is still living, being the defendant, LeCount, who has filed an answer herein. However the evidence did show that she sued LeCount for divorce. She paid her attorney seventy-five dollars, and thought that was all there was to it. However the case was dismissed apparently for want of prosecution, and she never was divorced.

This information was not given to the court when the divorce was heard and granted, and in fairness I will say that I believe she thought she was divorced from Mr. LeCount.

My first impression was that her failure to disclose that she was a bigamist constituted a fraud on the court, and that had I known of her conduct I would have dismissed the divorce case. However it appears upon examination of the authorities that even a bigamist is under our divorce statute entitled to come into court and set up such bigamy on her part, and ask for and receive a divorce on that ground alone.

I had always been under the impression that the innocent party only could assert bigamy against the wrongdoer or bigamist as grounds for divorce, but the statute covers both.

See §11979 GC.

(1) "That either party had a husband or wife living at the time of the marriage from which the divorce is sought."

See 72 Oh Ap, 203, Smith v. Smith.

(3) "Where a marriage ceremony is performed that is void because one of the parties is married to another at the time, either party may maintain an action for a decree declaring such ceremony a nullity."

The court holds that the wrongdoer should proceed and ask for divorce and not for annulment. The impression left is that if by annulment, the defendant could set up estoppel, unclean hands and like defenses, but not in a divorce action.

To the same effect see decision of our Court of Appeals, Basile v. Basile, No. 3894, decided January 29, 1948.

Both courts also hold that no property rights can arise out of such a void marriage. In other words neither party could claim alimony, etc., as a result of such void marriage.

The statutory ground above and the decisions upholding the right of either to sue for divorce, even the bigamist, are based on public policy.

Therefore had the plaintiff, Mrs. Christopher, in the divorce case, disclosed to the court that she was in fact a bigamist and therefore the marriage in question void, that would not have, in law, given the court any right to refuse the divorce, but on the contrary would have been all the more reason to grant the divorce. So no fraud or misconduct can be predicated on that failure to disclose.

As to the other matters complained of, it is apparent that the plaintiff here and defendant in the divorce case, Hugh Christopher, cannot complain that the court has divorced him, because on his own allegations and proof the marriage was void ab initio, and the court would have had to grant the divorce even though he contested it. He was lax in not having an attorney and defending when he was personally served, etc. Leaving out the bigamy angle, she was entitled to a divorce for his drinking, etc. But the divorce was for a void marriage, a bigamous marriage really, and no rights of property, rights to alimony or any other rights can arise out of said void marriage. Therefore as to the matter of property the court should not have adjudicated any such rights.

Journal entry may be drawn accordingly. Exceptions to both.